IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Paul Vernon Smith, ) | |
| ) | Civil Action No. 6:06-3405-HFF-BHH |
| Plaintiff, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| vs. ) | |
| ) | |
| Houchens Industries, d/b/a Sav-A-Lot, ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court on the defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(5) & (6). In his Complaint, the plaintiff alleges that the defendant terminated his employment on account of his race and for other discriminatory purposes. The defendant has moved to dismiss the plaintiff's case for improper service and for failure to state a claim upon which relief may be granted.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Rule 73.02(B)(2)(g), D.S.C., all pretrial matters in employment discrimination cases are referred to a United States Magistrate Judge for consideration.

## APPLICABLE LAW

**LIBERAL CONSTRUCTION OF *PRO SE* COMPLAINT**

The plaintiff brought this action *pro se*. This fact requires that his pleadings be accorded liberal construction. *Estelle v. Gamble*, 429 U.S.97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Loe v. Armistead*, 582 F.2d 1291 (4th Cir.1978); *Gordon v. Leeke*, 574 F.2d 1147 (4th 1978). *Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. *Hughes v. Rowe*, 449 U.S. 5 (1980) (per curiam). Even under this less stringent standard, however, the *pro se* Complaint is still subject to summary dismissal. The mandated liberal construction means only that if the court can reasonably read the

pleadings to state a valid claim on which the petitioner could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir.1999). A court may not construct the plaintiff's legal arguments for her. *Small v. Endicott*, 998 F.2d 411 (7th Cir.1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir.1985).

**MOTION TO DISMISS STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief. In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff. *Mylan Laboratories, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)(citations omitted).

## DISCUSSION

The defendant contends that the case should be dismissed for improper service. The Court agrees. It appears that the plaintiff has twice attempted to serve the defendant. First, the plaintiff, himself, attempted to serve an agent of the defendant. (*See* Def. Exs. 2.) This fact is undisputed by the plaintiff. Such service is ineffectual as a matter of law to give this Court *in personam* jurisdiction of the defendant. *See* Fed. R. Civ. P. 4(c)(2)[1] ("Service may be effected by any person who is *not* a party and who is at least 18 years of age.") The plaintiff himself, as a party to the case, may not serve the defendant. *See Browne v. N.Y.S. Court Sys.*, 599 F. Supp. 36, 38 (E.D.N.Y.1984); *Boltes v. Entex,* 158 F.R.D. 110, 114 (S.D. Tex. 1994).

---

[1] South Carolina Rule of Civil Procedure 4(c) also prohibits "an attorney in or a party to the action" from serving the Summons and Complaint. Fed. R. Civ. P. 4(c). This fact is material because the plaintiff, under the Federal Rules of Civil Procedure, may serve the defendant by any method permissible under the law of the state in which the district court is located. *See infra* n.2.

Second, the plaintiff attempted to mail the Summons and Complaint to the defendant. (Def. Ex. 2.) The defendant contends, however, that the plaintiff did not deliver the Summons and Complaint *by registered or certified mail return receipt requested*, as required by S.C. R. Civ. P. 4(d)(8),[2] but instead delivered the service via regular mail. Rule 4(d)(8) allows service "by registered or certified mail, return receipt requested and delivery restricted to the addressee." S.C. R. Civ. P. 4(d)(8). As far as the Court can determine, there is no provision in the South Carolina Rules or under South Carolina decisional law for service of process by regular mail.

To the defendant's objection, the plaintiff has made no response whatsoever nor has he submitted any evidence demonstrating that he did in fact mail the service as required by Rule 4. His service by regular mail, therefore, was ineffective and did not comply with the requirements of Rule 4 of either the South Carolina or Federal Rules of Civil Procedure.

The Court need not consider the defendant's other arguments concerning the plaintiff's alleged failure to state a claim.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, it is RECOMMENDED that the defendant's motion to dismiss [#8] should be GRANTED and the case dismissed without prejudice. It is further recommended that, if the District Court adopts the Report and Recommendation herein, that the plaintiff's motion to produce [#12] should be MOOTED and/or DENIED.

s/Bruce H. Hendricks
United States Magistrate Judge

March 29, 2007.

Greenville, South Carolina.

---

[2] Federal Rule of Civil Procedure 4(e)(1) states that service may be effected "pursuant to the law of the state in which the district court is located, or in which service is effected." Fed. R. Civ. P. 4(e)(1). Thus, to determine whether the plaintiff's service was proper, the Court relies upon Rule 4 of the South Carolina Rules of Civil Procedure.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).